FILED
SUPERIOR COURT
OF GUAM

2023 DEC 28 PM 4: 05

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| OLIMPIA L. JOHNSTON,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL SABLAN,<br><br>Defendant. | CIVIL CASE NO. CV0370-22<br><br><br>DECISION AND ORDER<br>RE<br>MOTION TO SET ASIDE<br>ENTRY OF DEFAULT |

This matter came before the Honorable Dana A. Gutierrez on September 19, 2023 for a Motion hearing on Defendant's Motion to Set Aside Entry of Default ("Motion to Set Aside") and Plaintiff's Renewed Application for Default Judgment ("Renewed Application"). Present at the hearing were Olimpia Johnston ("Plaintiff") with counsel Attorney Nicholas Ennis and Paul Sablan ("Defendant"), *pro se.* Based on the arguments presented, applicable rules and law, and for good cause shown, the Court hereby **GRANTS** Defendant's Motion to Set Aside.

## BACKGROUND

On June 27, 2022, Plaintiff filed a Verified Complaint for Damages and Equitable Relief ("Complaint") seeking damages based on six causes of action: (1) Breach of Contract; (2) Fraud by Omission; (3) Fraudulent Misrepresentation; (4) Damage to Property; (5) Unjust Enrichment; and (6) Rescission.

The Summons and Complaint were personally served on Defendant on June 30, 2022. Decl. of Service (July 12, 2022). Defendant failed to file an answer within 20 days of service,

and the Clerk of Court issued an Entry of Default against Defendant on July 25, 2022. Plaintiff filed an Application for Default Judgment on July 27, 2022.

Defendant filed an Answer on August 3, 2022. On November 15, 2022, the Court held a hearing on Plaintiff's Application for Default Judgment. Defendant appeared at the hearing and requested an opportunity to file a motion to set aside entry of default. On November 16, 2022, the Court issued an Order Setting Briefing Schedule Re Motion to Set Aside Entry of Default, ordering Defendant to file his motion to set aside entry of default by November 29, 2022. Defendant filed his Motion to Set Aside on December 20, 2022.

Defendant failed to serve his Motion to Set Aside on Plaintiff. Renewed Application at 3.[1] However, Plaintiff contacted the Superior Court and retrieved a copy of the Motion to Set Aside on February 14, 2023. *Id.* Plaintiff filed his Renewed Application on February 17, 2023. The Court issued an Order Setting Briefing Schedule on June 30, 2023 ordering Plaintiff to file his Opposition to Defendant's Motion to Set Aside by July 24, 2023. Plaintiff then filed his Opposition to Defendant Paul Sablan's Motion to Set Aside Entry of Default ("Plaintiff's Opposition") on July 25, 2023.[2]

## DISCUSSION

Rule 55 of the Guam Rules of Civil Procedure ("GRCP") governs default and default judgments. "The concepts of default and default judgment are distinct and must be treated

---

[1] At the June 27, 2023 hearing, the Court admonished Defendant that he must serve Attorney Ennis when he files documents with the Court. The Court also admonished Defendant for his late filings and stated that despite being *pro se*, he is required to comply with the rules of the Court.

[2] Plaintiff alleges she filed her Opposition on July 24, 2023 at 4:10 p.m. via the Court's electronic filing system in accordance with the Court's order. Plaintiff's Suppl. Information Regarding the Filing Date of Plaintiff's Opposition at 1 (September 20, 2023). However, Plaintiff notes that she received an email from the Court indicating that the filing would not be processed until the filing fee payment was made. *Id.* Plaintiff paid the filing fee on July 25, 2023 and the Opposition was filed by the Court. *Id.*

separately." *Adams v. Duenas*, 1998 Guam 15 ¶ 2. GRCP Rule 55 provides "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011)) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).[3] However, rather than granting default judgment, the Court may set aside an entry of default for good cause. GRCP Rule 55(c).

Defendant does not contest whether the Clerk of Court's entry of default was proper. Generally, to plead or defend in a matter, "[a] defendant shall serve an answer within 20 days after the service of the summons and complaint upon that defendant." GRCP Rule 12(a). The Clerk of Court must enter a party's default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and that failure is shown by an affidavit or otherwise." GRCP Rule 55(a). Defendant was personally served on June 30, 2022 and failed to answer or otherwise represent to the Court its intent to defend in this matter within 20 days of service. Therefore, the Clerk of Court's entry of default against Defendant on July 27, 2022 was proper.

## A. The Court May Set Aside Entry of Default for Good Cause Shown

The Court has discretion to set aside an entry of default for good cause shown. GRCP Rule 55(c). In determining whether to vacate an entry of default, the Court must consider whether "(1) the defendant's culpable conduct led to the default, (2) the defendant has no

---

[3] *Mickalis Pawn Shop* references Rule 55 of the Federal Rules of Civil Procedure ("FRCP"). Guam's Rule 55 was adopted from FRCP Rule 55. GRCP Rule 55 SOURCE. "[B]ecause the Guam Rules of Civil Procedure are generally derived from, although not identical to, the FRCP, federal decisions that construe the federal counterparts to the Guam Rules of Civil Procedure are persuasive authority." *Gov 't of Guam v. O'Keefe on behalf of Heirs of Torres Est.*, 2018 Guam 4 ¶ 9 (citing *People v. Quitugua*, 2009 Guam 10 ¶ 10).

meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside." *Midsea Industrial, Inc. v. HK Engineering, Ltd.*, 1998 Guam 14 ¶ 5. "A finding of but one of the three elements is sufficient to deny vacation of a default judgment." *Id.* (citing *Cassidy v. Tenorio*, 856 F.2d 1412, 1415-16 (9th Cir. 1988).

Default judgments are generally disfavored in Guam "because deciding cases on their merits is preferred." *Adams*, 1998 Guam 15 ¶ 10; *see also Mariano v. Surly*, 2010 Guam 2 ¶ 35 ("[W]henever possible, cases should be decided on their merits."). Further, the Supreme Court of Guam has noted that although the court will look to the same factors when considering to set aside an entry of default and a default judgment, the standard for setting aside entry of default is less rigorous than to set aside default judgment, and the grounds should be more liberally construed. *Adams*, 1998 Guam 15 ¶ 5.

Additionally, *pro se* litigants are afforded "considerable leeway." *San Union, Inc. v. Arnold*, 2017 Guam 10 ¶ 34. Thus, "deference should be given toward a pro se party's litigation efforts." *McGhee v. McGhee*, 2008 Guam 17 ¶ 11. The Court shall "provide lenient treatment of those efforts and give the parties every fair opportunity to present their cases." *Linsangan v. Government of Guam*, 2020 Guam 27 ¶ 34. However, "the leniency accorded to pro se litigants generally applies to the liberal construction of their pleadings and is not without limits" and "cannot extend to depriving their opponent of due process." *James D.J. Ji v. Toves*, 2020 Guam 2 ¶ 13.

### 1.    Defendant's Conduct Was Not Culpable

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *TCI Group Life Ins. Plan v.*

*Knoebber*, 244 F.3d 691 (9th Cir. 2001)) (emphasis in original). "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process.'" *Id.*

Plaintiff argues "[Defendant's] conduct throughout the course of these proceedings demonstrates an intent to take advantage of the opposing party and interfer[e] with judicial decision-making process." Plaintiff's Opp'n at 6. Plaintiff states, "Defendant intentionally withheld his contact information from Plaintiff;" "Defendant also asked the Court to dismiss Plaintiff's Complaint with prejudice based on the false claim that Plaintiff is a party to the Office of the Attorney General's case against him;" and "Defendant deliberately disobeyed the Court's order and failed to serve Plaintiff with his Motion to Set Aside." *Id.* However, the Supreme Court of Guam has instructed this Court to consider whether "defendant's culpable conduct *led to* the default." *Midsea,* 1998 Guam 14 ¶ 5 (emphasis added). Each of these examples cited occurred *after* the Clerk of Court entered default. Defendant's only conduct which led to default was the fact that he filed his Answer fourteen days later than the deadline set by GRCP Rule 12(a).

Defendant argues that, although he did not file within twenty days of service, his conduct was not culpable because "Defendant was active in addressing the claims under the Complaint by contacting opposing counsel upon receipt of the Complaint." Motion to Set Aside at 3. Plaintiff contends Defendant's conduct was culpable, in part, because "Defendant claimed that opposing counsel led him to believe that opposing counsel would give him additional time, yet, in his Motion to Set Aside, Defendant claims that opposing counsel took no position as to

additional time." Plaintiff's Opp'n at 6. At the Motion hearing, Defendant explained that he called Plaintiff's former counsel, Attorney Zachary Damian, and asked for additional time to answer the pleadings. Minute ("Min.") Entry, 10:18 AM (Sept. 19, 2023). Defendant said "he didn't give me a definite no, and he didn't give me a definite yes, so I was under the impression that he'd call me back and let me know . . . He led me to believe that I had more time. He didn't say no." Min. Entry, 10:19 AM.

In addition to calling Attorney Damian, Defendant also alleged, "I had to go into their office to meet with the attorney at the time." Min. Entry, 10:22 AM. Finally, Defendant claimed that he sent an email to Attorney Damian. Min. Entry, 10:19 AM. Defendant filed a copy of a July 26, 2022 email he sent to Attorney Damian requesting a thirty-day extension to file an answer because Defendant was unable to obtain an attorney. CVR 7.1 Form 2 (Copy of Said Email) (Sept. 20, 2023). Finally, Defendant argues that it was his understanding that it is a "common courtesy" between attorneys to allow a brief extension of time to file an answer. Min. Entry, 10:22 AM.

Plaintiff argues there was no evidence of the conversations between Defendant and Attorney Damian. Min. Entry, 10:24 AM. Despite Plaintiff's position, Defendant did produce evidence of his conversation with Attorney Damian by filing his July 26, 2022 email, although the Court notes the email was sent after the Defendant's deadline to answer had lapsed. Defendant also concedes that when he met with Attorney Damian in person, it was after he had already filed his answer, and thus after his deadline to answer. Min. Entry, 10:32 AM. Nevertheless, Defendant asserted that his phone call to Attorney Damian occurred prior to his deadline to answer. Min. Entry, 10:32 AM. Moreover, the standard is whether Defendant's conduct was culpable, and merely showing that Defendant made a conscious choice not to

6

answer within twenty days of being served the Complaint does not constitute bad faith. *Mesle,* 615 F.3d at 1092.

Plaintiff has failed to demonstrate that Defendant intended to deceive the Court or the Plaintiff by filing past the deadline. By contacting the Plaintiff's attorney to request additional time, Defendant represented his intent to defend himself in the instant matter. Therefore, the Court finds Defendant did not intend to take advantage of Plaintiff by filing his Answer late. Additionally, the Court finds no evidence has been put forth to indicate that Defendant had any intention to interfere with judicial decision-making, or otherwise manipulate the legal process. *Id.* Therefore, Defendant did not demonstrate culpable conduct which led to the default.

## 2. **Defendant Has a Meritorious Defense**

To establish a meritorious defense, the Court "must determine 'whether there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Midsea,* 1998 Guam 14 ¶ 10 (citing *Hawaii Carpenters' Trust Funds v. Stone,* 794 F.2d 508, 513 (9th Cir. 1986)) (emphasis added). The burden on the defendant "is not extraordinarily heavy; the only requirement is that a sufficient defense is assertible and litigation of the claims would not be a wholly empty exercise." *Pac. Renewable Energy Sols., Inc. v. Sedna Aire Americas, LLC,* 2013 WL 1352063 *5 (D. Guam Apr. 2, 2013) (citing *TCI Group,* 244 F.3d at 700); *see also Upper Deck Co. v. Flores,* 569 F. Supp. 3d 1050, 1059 (S.D. Cal. 2021) ("Defendants have a minimal burden in establishing a meritorious defense."). Any doubt regarding whether a defendant has a meritorious defense should be resolved in favor of setting aside the entry of default. *First Com. Bank, Ltd. v. McCord,* No. CV 94-00074A, 1996 WL 254334 *2 (D. Guam App. Div. May 8, 1996).

7

When a defendant claims a meritorious defense, the Court need not consider the truth of the factual allegations, and instead temporarily assumes their truth. *Upper Deck Co.*, 569 F. Supp. 3d at 1059; *see also Mesle,* 615 F.3d at 1094 (stating the defendant need only "allege sufficient facts that, if true, would constitute a defense"); *see also First Com. Bank, Ltd.,* 1996 WL 254334 *4 (noting that "[a]llegations are meritorious if they contain even a hint of a suggestion, which, if proven at trial, would constitute a defense.").

Plaintiff argues "Defendant's Motion to Set Aside . . . alleges no facts that demonstrate the existence of a meritorious defense." Plaintiff's Opp'n at 8. However, Defendant raises affirmative defenses in his untimely Answer and Defendant claimed at the Motion hearing that he has a meritorious defense. Min. Entry, 10:34 AM.[4] At the Motion hearing, Defendant alleged "[w]e're about 80% through the project and all of a sudden, they want to cancel . . . and they want a full refund for work that's already been performed." Min. Entry, 10:38 AM. "We did our work dutifully and it wasn't until the very end when the Johnstons gave me a check and then canceled the check and then they gave me another check to replace the canceled check . . . they gave me a $14,000 check and they stopped payment on the check." Min. Entry, 10:39 AM. "They signed a purchase agreement from me to do the work and at the final . . . payment, they didn't make the payment." Min. Entry, 10:40 AM.

Defendant alleges facts which contain "a hint of a suggestion, which, if proven at trial, would constitute a defense" that *may* result in a differing outcome than that achieved by the

---

[4] At the Motion hearing, Plaintiff argues "Defendant has to first set aside the entry of default before the Court can consider the Answer." Min. Entry, 10:42 AM. The Court disagrees. In *Midsea,* the Supreme Court of Guam upheld the trial court's conclusion that the defendant had a meritorious defense based on the defenses raised in the defendant's proposed answer. *Midsea,* 1998 Guam 14 ¶ 10. Nevertheless, the Court need not address arguments in the Defendant's Answer because the Court finds Defendant raised a meritorious defense at the Default hearing.

default. *First Com. Bank, Ltd.,* 1996 WL 254334 *4; *Midsea,* 1998 Guam 14, n. 3. Plaintiff alleges that Defendant was unjustly enriched because he has not returned her $50,000 deposit. Complaint at 6. Unjust enrichment requires that a party benefited from the other "under such circumstances to make it inequitable for the conferee to retain the benefit without payment of its value." *In re Moylan,* 2011 Guam 16 ¶ 69 (citing *Rawlings v. Rawlings,* 240 P.3d 754, 763 (Utah 2010)). Defendant's allegations put into question whether the circumstances make it inequitable for Defendant to retain the deposit. Without making a final determination on this issue, the Court finds this allegation constitutes a meritorious defense which may result in a different outcome than that achieved by the default.

Any additional defenses that Defendant raised in his Answer or at the Motion hearing need not be addressed at this time because Defendant must only raise one meritorious defense in order to set aside default. *See Hemlani v. Hemlani,* 2015 Guam 34 ¶ 19 (finding it unnecessary to address additional defenses raised by the defendant after concluding that one alleged defense was meritorious).

### 3.    Plaintiff Would Not Be Prejudiced If the Court Set Aside Default

To determine whether setting aside a default is prejudicial to the plaintiff, "the standard is whether [plaintiff's] ability to pursue his claim will be hindered." *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984) (per curiam). A plaintiff cannot simply "say that lapse of time resulted in prejudice, but instead there must be the presentation of evidence to support those allegations." *Midsea,* 1998 Guam 14 ¶ 16. Similarly, the Defendant may not "sit back and claim that the delay in time was inconsequential and presume no prejudice resulted." *Id.*

For a delay to be prejudicial, the delay must "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion . . .

9

Being forced to litigate on the merits cannot be considered prejudicial because the plaintiff would have had to litigate the merits of the case had there been no default." *Pac. Renewable Energy,* 2013 WL 1352063 *6 (internal citation omitted); *see also Cap. Yacht Club v. Vessel AVIVA,* 228 F.R.D. 389, 394 (D. D.C. 2005) ("[D]elay and legal costs are part and parcel of litigation and typically do not constitute prejudice for the purposes of Rule 55(c).").

Plaintiff argues Defendant "deprived Plaintiff of prosecuting this matter in an efficient and timely manner." Plaintiff's Opp'n at 9. Plaintiff further argues that she "remains without the services that she paid Defendant for or the funds that she paid to him in good faith." *Id.* However, Plaintiff has not alleged that she suffers any additional tangible harm or increased difficulties as a result of the delay. Plaintiff has not presented evidence beyond a lapse of time and the ordinary hardships of litigating an issue on its merits.

Plaintiff additionally argues that because Defendant did not serve his Motion to Set Aside, "absent Plaintiff's due diligence, Defendant's actions would have deprived Plaintiff of her due process right to respond to Defendant." *Id.* However, Plaintiff ultimately received the Motion to Set Aside, and thus her ability to pursue her claims will not be hindered.

The Court finds that Defendant's conduct was not culpable, Defendant has a meritorious defense, and Plaintiff is not prejudiced by the setting aside of the entry of default. Therefore, having reviewed the parties' arguments and the applicable rules and law, the Court sets aside the July 25, 2022 Entry of Default.

## CONCLUSION

The Court hereby **GRANTS** Defendant's Motion to Set Aside. Thus, the July 25, 2022 Entry of Default is **VACATED** and Plaintiff's Renewed Application is **MOOT**.

10

As the Court has set aside the entry of default, the Court accepts as filed Defendant's

August 3, 2022 Answer.[5]

SO ORDERED: DEC 2 8 2023

HONORABLE DANA A. GUTIERREZ
Judge, Superior Court of Guam

---

[5] The Court shall issue a Scheduling Notice in this matter.